DELL, Judge.
We grant petitioner’s petition for certiorari review of the trial court’s order denying petitioner’s objection to respondents’ request for a medical examination.
Petitioner objects specifically to Paragraph 4 of the request for a medical examination on the grounds that respondents’ definition of the scope of the examination does not comply with Rule 1.360(a)(1)(A), Florida Rules of Civil Procedure. In Paragraph 4, respondents state:
4. The scope of the examination is of a urological nature concerning conditions of the Plaintiff relating to the accident which is the subject matter of this lawsuit. The exam, shall include any such tests that the doctor feels are necessary for a complete and thorough examination of the Plaintiff. (Emphasis added).
Respondents have failed to disclose in any manner the nature of the examination or the extent of testing that may be performed by the examining physician. Since such testing may include invasive tests which, if improperly performed, may cause serious injury, the trial court’s failure to sustain petitioner’s objection to the request for the medical examination constitutes a departure from the essential requirements of law. See In the Interest of T.M.W., 553 So.2d 260 (Fla. 1st DCA 1989). We recognize that respondents may be entitled to a medical examination that includes invasive testing. However, petitioner is likewise entitled to know the extent of such tests in order to seek the protection of the court in providing for reasonable measures to assure that such testing will not cause injury.
We remand this cause to the trial court for further proceedings consistent herewith.
CERTIORARI GRANTED.
POLEN and FARMER, JJ., concur.